Judge Underwoo'd,
delivered the opinion of the.court,
‘We have not deemed it necessary'to eflter into a 'critical examination of the'2d plea, with a view to determine whether it presented a good bar to'the action or not; because the third plea founded on the same matter, was clearly good, according to Taylor and Graves vs. Weister, & Co. I Litt. 355, and Roebuck vs. Tennis, V Mon, 82, and the plaintiff in error had the full advantage of the matter of defence set out in both pleas, by the issue taken on the third.
The principal-question, relates to the-exclusion of the deposition of Smith. We think the circuit court «erred in excludingit. The third plea offered to set-.off $100, against the debt, sued for, which it was alie-ged, the plaintiff in the court below, “at,'and before the institution of the suit, owed the defendant for stone steps, &c. sold and delivered to the plaintiff, at bis special instance and request. In consideration whereof, the plaintiff undertook, and promised to pay the defendant therefor, the said sum of $>1Q0. Nev-erfcheless, the plaintiff, although often requested, hath Tailed to pay said sum of $>100, or any part thereof, arid still fails and refuses, and the saméis still due and owing, wherefore, &c.” Smith’s deposition proves that Jenkins furnished stone steps, &c. for Richard son, and the value of them,‘but did not pro agreed price for them fixed by the parties, cuit court excluded the deposition, upon th that it did not establish such a ’demand as coul off. ,
Under' the.general doctrine,«as,recognised Roeb *442 uck vs. Tennis, referred to above, all monied demands for which either indebitatus assumpsit or debt$ would lie constitute valid set-offs. According to the liberality of the modern doctrine, which dispenses with the technical and rigid rules of remoter times, in order to facilitate the procurement of justice, it is not necessary, that a price should be agreed on for an article sold and delivered, before debt or indebitatus assumpsit can be maintained. .The value of the article sold, may be recovered in either of these actions, provided, from the nature of the contract, the vendor was to be compensated in money. Debt lies on a quantum meruit for work, and upon simple contracts, express or implied-, I Chitty, 101. “Under an indebita-tus count, the plaintiff may recover what may be due to him, although no specific price or sum was agreed on;” I Chitty, 337. This doctrine is recognised and reiterated in Snodgrass vs. Broadwell; II Litt. 355. It results from the foregoing authorities, that the deposition of Smith, contained evidence sufficient to support indebitatus assumpsit, or debt, and likewise, the. plea of set-off, on which the issue was taken. The case of Banton vs. Hoome’s executors, I Marsh. 19, shows the propriety of admitting as a set-off, the demand for the work or stone steps, &c. proved by Smith. There, a claim for keeping a horse was allowed to be availing as a set-off, because-of that description for which indebitatus assumpsit could, be maintained.
It is contended, however, that as the deposition was taken de bene esse, it was properly excluded, because there was no sufficient proof to show that the personal attendance of the witness could not have been obtained by the use of proper diligence. We think the proof sufficient to show, that the witness resided in the state of Ohio, and consequently, that his personal attendance could not have- been procured. The case of Grilly, &c. vs. Singleton, III Litt. 252, settles this point. As a citizen of another state, the courts of this would possess no means to punish for a contempt, had a subpoena been executed on the -witness, and disregarded by him.
The jury weresworn to try too issues formed oca plea of payment and on a plea of set-off. They found *443 for the plaintiff one cent in damages. Upon this verdict, the court gave judgment for the debt sued for. The verdict did not directly respond to issue, and we think inferences from such a verdict ought not be drawn, that the defence was altogether unsustained. In practice, it is much safer to require juries to state in their verdicts the extent of their finding, or which would be still better, to require them to respond to the issues which they were sworn to try. We are inclined to the opinion, therefore, that the judgment is not warranted by the verdict under the state of pleadings exhibited.
Depew, for plaintiff; Mills and Brown, for defendants.
Judgment reversed with costs, and cause remanded for a new trial.